

FILED

JUN 30 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re: JONATHAN KRIS TALLERICO )    Case No. 15-22117-C-7
and CARLEEN MARIE TALLERICO, )
                         )    DC No. WRF-1
           Debtors. )
_____ )

**OPINION**

**Before: Christopher M. Klein, Chief Judge**

---

W. Russell Fields, Sacramento, California, for Debtors.

Jamie P. Dreher, Downey Brand LLP, Sacramento, California, for
Gary Silva, Jr., Judgment Creditor.

David V. Duperrault, Silicon Valley Law Group, San Jose,
California, for Michael A. Aber, Third-Party Claimant.

KLEIN, Bankruptcy Judge:

Federal Rule of Bankruptcy Procedure 4003(c) is invalid to
the extent it assigns the burden of proof on an objection to a
state-law claim of exemption in a manner contrary to state law.

The Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, forbids
rules that alter substantive rights. The Supreme Court clarified
in <u>Raleigh v. Illinois Dep't of Revenue</u>, 530 U.S. 15, 20-21
(2000), that burden of proof is substantive, not procedural. It
follows that Rule 4003(c), which was first adopted in 1973 on the
assumption that burden of proof was procedural, offends § 2075.

The state law governing the state exemptions claimed in this case specifies that exemption claimants have the burden of proof. This state-law rule of decision also triggers state rules of evidentiary presumptions per Federal Rule of Evidence 302.

The burden of proof is crucial here.  At trial of this "Motion for Turnover" (which subsumes three distinct contested-matter issues: judgment lien avoidance, objection to exemption, and turnover by a custodian), the key issue was whether the debtor owned personal property claimed as exempt.  The debtor did not satisfy his burden of production and did not establish by a preponderance of evidence that he, rather than the LLC through which he operates his bike shop, owns cash, inventory, and parts that the Sheriff seized enforcing a judgment prepetition.

Since the corollary to the burden of proof is the risk of non-persuasion, the creditor's objection to claim of exemption is SUSTAINED as to all of the seized property except the debtor's tools, the judgment lien is AVOIDED as to the debtor's tools, and the motion for turnover is GRANTED only as to the debtor's tools.


                              Facts

Chapter 7 debtor Jonathan Tallerico is a bicycle mechanic who specializes in servicing and building premium bicycles.  He operates a bike shop in Lodi, California, through a limited liability company, Tallerico Bicycles, LLC, which does business under the name Lodi Bicycle Shoppe.  Before August 2014, he operated through sole proprietorships under similar names.

Tallerico and his spouse filed this joint chapter 7 case at 4:46 p.m. on March 17, 2015.

1   Six hours before the chapter 7 filing, the San Joaquin
2   County Sheriff levied on all personal property at the premises of
3   Lodi Bicycle Shoppe to enforce a money judgment that Gary Silva,
4   Jr., had obtained against Tallerico individually and against
5   Tallerico Bicycles, LLC.  The seizure included cash, merchandise,
6   parts, equipment, and tools.  The Sheriff's inventory (the
7   accuracy of which is not in dispute) has 311 line items.  Most of
8   the line items are reasonably specific ("3 Voler Tank Top/Gray").
9   Some are generic and collective ("1 Craftsman tool box w/various
10  tools - access refer to photo").

11      The debtors claimed all of the levied property as exempt
12  under so-called "California bankruptcy exemptions."  Cal. Code
13  Civ. Pro. § 703.140.  The claimed exemptions included: tools
14  ($3,500 § 703.140(b)(6)); inventory ("6 bicycles, misc.
15  cloth[e]s, and other bicycle related items" $7,500
16  § 703.140(b)(5)); cash ($1,157 § 703.140(b)(5)).

17      Their "Motion for Turnover" seeks to recover the levied
18  personal property on a theory of impairment of exemptions.

19      Silva opposed the motion and objected to the pertinent
20  claims of exemption, posing evidentiary issues requiring trial.

21      At the preliminary hearing, the court agreed with Silva and
22  ruled that at trial the debtor would have the burden of proof
23  based on California Code of Civil Procedure § 703.580(b) because
24  this state statute trumps the contrary provision in Rule 4003(c).
25  Further briefing was invited on the issue.  None ensued.

26      Before trial, Michael Aber joined in the objection and
27  asserted senior judgment lien rights based on a money judgment
28  excepted from discharge in 2002 in Tallerico's prior bankruptcy.

1      At trial, Tallerico testified and was cross-examined.

2  Findings of fact and conclusions of law were rendered orally on

3  the record after the parties rested and presented oral argument.

4  This opinion memorializes the decision regarding the burden of

5  proof and related evidentiary questions.

6

7  <u>Jurisdiction</u>

8      Federal subject-matter jurisdiction is founded on 28 U.S.C.

9  § 1334.   An objection to a claim of exemption, a proceeding to

10  avoid the fixing of a lien, and a request for an order to turn

11  over property of the estate are all core proceedings that a

12  bankruptcy judge may hear and determine as of right.   28 U.S.C.

13  §§ 157(b)(2)(B), (E) & (K).   The parties agree that, if this

14  dispute involves a matter a bankruptcy judge may not hear and

15  determine, it may be heard and determined by a bankruptcy judge.

16

17  <u>Analysis</u>

18      The first task is to unpack and re-frame the dispute through

19  the matrix of the Bankruptcy Code and rules, re-characterizing

20  the motion under the correct procedure before shifting to the

21  pertinent exemption law and the burden of proof.

22

23  I

24  <u>Procedure</u>

25      The Bankruptcy Code authorizes the debtor to claim property

26  as exempt.   11 U.S.C. § 522(b).

27      The debtor may avoid the fixing of a judicial lien (other

28  than a judicial lien for a domestic support obligation) to the

1   extent that the lien impairs an exemption to which the debtor

2   otherwise would be entitled.  11 U.S.C. § 522(f)(1)(A).

3         The debtor may exempt property the trustee recovers under

4   trustee avoiding powers so long as it was not concealed or

5   voluntarily transferred.  11 U.S.C. § 522(g).

6         If the trustee does not attempt to avoid a transfer of

7   property exemptible under § 522(g), then the debtor may do so.

8   11 U.S.C. § 522(h).

9         The debtor may recover under § 550 on account of a transfer

10   avoided under § 522(h) as either a judicial lien or a

11   nonpossessory, nonpurchase-money security interest under

12   § 522(f), which recovery is preserved for the benefit of the

13   debtor to the extent of the debtor's exemption.  11 U.S.C.

14   §§ 522(i) & 550; cf. Goswami v. MTC Distrib. (In re Goswami), 304

15   B.R. 386, 390-91 (9th Cir. BAP 2003)(§ 522(f) elements).

16         When a Sheriff executes a writ in a judgment enforcement

17   matter, the Sheriff becomes a "custodian" for purposes of the

18   Bankruptcy Code.  That is, the Sheriff acts as a receiver or

19   agent appointed under applicable law that is authorized to take

20   charge of property of the debtor for the purpose of enforcing a

21   judgment lien against such property.  11 U.S.C. § 101(11)(C).

22         As a "custodian," the Sheriff is subject to the turnover

23   provisions of Bankruptcy Code § 543, which, on pain of surcharge,

24   bans disbursements from custodial property and requires turnover

25   unless excused by the bankruptcy court after notice and a

26   hearing.  11 U.S.C. § 543.  Exempt property turned over to the

27   trustee may be released by the trustee to the debtor.

28         The rules of procedure permit a debtor to avoid a lien or

transfer of exempt property by motion under the contested matter procedure of Federal Rule of Bankruptcy Procedure 9014, instead of Rule 7001 adversary proceeding.  Fed. R. Bankr. P. 4003(d).[1]

Rule 4003(d) permits a creditor to respond to a motion to avoid a judgment lien or other transfer under § 522(f) by challenging the validity of the exemption said to be impaired. Fed. R. Bankr. P. 4003(d).  Such a challenge is permitted even after the deadline to object to claims of exemption has passed.

Rule 4003(d) codifies the result in In re Mohring, 142 B.R. 389, 395-96 (Bankr. E.D. Cal. 1992), aff'd mem., 153 B.R. 601 (9th Cir BAP 1993), aff'd mem., 24 F.3d 247 (9th Cir. 1994) (even where exemption-by-default occurs, avoiding exemption-impairing lien requires proof of substantive entitlement to exemption).

It follows that the debtor's "Motion for Turnover" directed at the Sheriff has three distinct Bankruptcy Code components. First, (Debtor v. Silva) avoidance of Silva's judicial lien under § 522(f)(1)(A).  Second, (Silva v. Debtor) Silva's objection to the debtor's claim of exemption.  Third, (Debtor v. Sheriff) turnover of property by a custodian under § 543 to the trustee for release of the exempt property to debtors.  On the sidelines is a residual dispute (Aber v. Silva) regarding lien priority.

---

[1]Rule 4003(d) provides:

(d) AVOIDANCE BY DEBTOR OF TRANSFERS OF EXEMPT PROPERTY.
    A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.  Notwithstanding the provisions of subdivision (b), a creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien.

Fed. R. Bankr. P. 4003(d).

1    Although the style of the motion does not explicitly raise
2  the lien avoidance, the court must construe motions so as to
3  provide just, speedy, and inexpensive determination of every case
4  and proceeding.  Fed. R. Bankr. P. 1001.

5    The appropriate just, speedy, and inexpensive measure is to
6  re-designate the motion as including a Motion by Debtor to Avoid
7  Lien and a Motion for Turnover under § 543 in response to which
8  an Objection to Claim of Exemption is presented.

9    Rule 4003(d) permits the lien-avoidance and coincident
10  exemption dispute to be resolved by motion as a Rule 9014
11  contested matter.  Likewise, § 543 turnover entails a contested
12  matter.  There is no filing fee for any of these motions.  All
13  are eligible for consolidation under Civil Rule 42.  Fed. R. Civ.
14  P. 42, incorporated by Fed. R. Bankr. P. 7042 & 9014.

15    The debtor, Silva, and the Sheriff have all participated in
16  the litigation, and Aber has asserted rights as a senior third-
17  party claimant permitted by California Code of Civil Procedure
18  § 720.210.  No party in interest has been omitted, misled, or
19  fooled by the garbled motion.

20    Trial of the contested matters was necessary because there
21  are disputed material factual issues regarding ownership of
22  property claimed as exempt.  Fed. R. Bankr. P. 9014(d).

23

24                              II

25                    California Exemptions

26    California exemptions subdivide into two mutually exclusive
27  alternatives, both of which are implicated by the present
28  dispute.  First, there are the general exemptions from judgment

                              7

enforcement.   In the alternative, in a bankruptcy case, and only in a bankruptcy case, there is a list of California bankruptcy exemptions that mirrors § 522(d).   Joint debtors must pick the same alternative.   Cal. Code Civ. P. § 703.140(a)(1).

## A

## California Bankruptcy Exemptions

Congress authorized states to opt out of the federal bankruptcy exemptions created by Bankruptcy Code § 522(d).   11 U.S.C. § 522(b)(2).

California exercised the § 522(b)(2) option to opt out by making the federal bankruptcy exemptions inapplicable in the state.   Cal. Code Civ. P. § 703.130.[2]

Since the federal exemptions created by § 522(d) do not apply in California, basic exemption questions in California bankruptcies entail the application only of California law.

When California opted out of the federal bankruptcy exemptions prescribed at § 522(d), it simultaneously enacted as state law a veritable clone of § 522(d) that could, in lieu of the basic judgment enforcement exemptions, be utilized in bankruptcy cases.   Cal. Code Civ. Pro. § 703.140; In re Petruzzelli, 139 B.R. 241, 244 (1992).

---

[2]The section provides:

§ 703.130.   Inapplicability of Exemptions in Bankruptcy Law. Pursuant to the authority of paragraph (2) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

Cal. Code Civ. Pro. § 703.130.

8

Here, as noted, the debtors claimed the California
bankruptcy exemptions to protect tools, inventory, and cash.
Cal. Code Civ. Pro. §§ 703.140(b)(5) & (6).

B

California Judgment Enforcement Exemptions

Even though the debtors claimed the California bankruptcy
exemptions, the fact of an actual judgment enforcement proceeding
makes the regular judgment enforcement exemptions also pertinent.

To the extent that the debtors claimed property they do not
own, the actual levy by the Sheriff on the contents of the bike
shop implicates the general judgment enforcement rules as to the
seized property owned by their LLC.  Moreover, there is a
secondary dispute in the form of the third-party claim by a
competing creditor with a prior judgment.

Although the Bankruptcy Code and rules nominally supplant
California procedure, the analysis circles back to state
procedure because collection of federal judgments is governed by
state judgment enforcement procedure.  Fed. R. Civ. P. 69,
incorporated by Fed. R. Bankr. P. 7069.  Further, when state law
provides the rule of decision in a civil matter, state
evidentiary presumptions also apply.  Fed. R. Evid. 302.

C

Rule of Decision

Since the exemptions created by Bankruptcy Code § 522(d) do
not apply in bankruptcies in California, state law provides the
rule of decision for essentially all exemptions available to

9

1  debtors in bankruptcy cases in the state.

2      A bankruptcy court construing California judgment

3  enforcement exemptions and the California bankruptcy exemptions

4  is applying a state-law rule of decision.   Like all federal

5  courts when addressing a state-law rule of decision, the

6  bankruptcy court is predicting what the California Supreme Court

7  would rule if it were presented with the question.

8

9                          III

10                  Burden of Proof

11     The outcome to this dispute turns on the burden of proof

12  because the evidence is not compelling for either side.[3]

13     When dealing with a state-law exemption, the appropriate

14  question to ask is:   what burden of proof (or persuasion) would a

15  state court judge apply?

16

17                           A

18           California Code of Civil Procedure

19     California, by statute, regulates the burden of proof

20  regarding its exemptions.

21

22                           1

23     The general burden regarding California exemptions is:   "the

24  exemption claimant has the burden of proof."   Cal. Code Civ. P.

25  _____

26     [3]To be precise, a burden of proof is a burden of persuasion
   and correlative risk of non-persuasion.   The terms "burden of
27  proof" and "burden of persuasion" are generally synonymous for
   purposes of federal practice and procedure.   The Federal Rules of
28  Bankruptcy Procedure and the California Code of Civil Procedure
   use the former.   Federal Rules of Evidence use the latter.

                          10

1  § 703.580(b).[4]

2      A more nuanced burden governs homestead exemptions.  The

3  claimant has the burden on the sum exemptible; but the objector

4  has the burden to show the property is not a homestead if county

5  tax assessor records contain a current homeowner's or disabled

6  veteran's property tax exemption.  If not, the claimant has the

7  burden of proof.  Cal. Code Civ. P. § 704.780(a).[5]

8

9                                  2

10      As noted, when state law provides the rule of decision,

11  _____

12      [4]The general rule is as follows:

13      (a) The claim of exemption and notice of opposition to
    the claim of exemption constitute the pleadings, subject to
14  the power of the court to permit amendments in the interest
    of justice.
15      (b) At a hearing under this section, the exemption
    claimant has the burden of proof.
16
    Cal. Code Civ. P. § 703.580(a)-(b) (emphasis supplied).
17
        [5]The homestead burden is as follows:
18
        (a) The burden of proof at the hearing is determined in
19  the following manner:
        (1) If the records of the county tax assessor indicate
20  that there is a current homeowner's exemption or disabled
    veteran's exemption for the dwelling claimed by the judgment
21  debtor or the judgment debtor's spouse, the judgment
    creditor has the burden of proof that the dwelling is not a
22  homestead.  If the records of the county tax assessor
    indicate that there is not a current homeowner's exemption
23  or disabled veteran's exemption for the dwelling claimed by
    the judgment debtor or the judgment debtor's spouse, the
24  burden of proof that the dwelling is a homestead is on the
    person who claims that the dwelling is a homestead.
25      (2) If the application states the amount of the homestead
    exemption, the person claiming the exemption has the burden
26  of proof that the amount of the exemption is other than the
    amount stated in the application.
27
28  Cal. Code Civ. P. § 704.780(a).
                            11

1  state law also governs the effect of presumptions regarding a

2  claim or defense.  Fed. R. Evid. 302.

3      California is explicit about what constitutes a proof,

4  burden of proof, and the effect of presumptions.

5      "Proof" is the establishment of the requisite degree of

6  belief concerning a fact in the mind of the trier of fact or the

7  court, and "burden of proof" is the obligation of a party to

8  provide evidence that amounts to proof.[6]

9      A "presumption" is a fact that the law requires to be drawn

10 from another fact or group of facts, but is not evidence.[7]

11     Presumptions subdivide into rebuttable and conclusive.  They

12 further subdivide into presumptions affecting the burden of

13 _____

14     [6]The California Evidence Code provides:

15     § 190.  "Proof" is the establishment by evidence of a
       requisite degree of belief concerning a fact in the mind of
16     the trier of fact or the court.

17     § 115.  "Burden of proof" means the obligation of a party to
       establish by evidence a requisite degree of belief
18     concerning a fact in the mind of the trier of fact or the
       court. The burden of proof may require a party to raise a
19     reasonable doubt concerning the existence or nonexistence of
       a fact or that he establish the existence or nonexistence of
20     a fact by a preponderance of the evidence, by clear and
       convincing proof, or by proof beyond a reasonable doubt.
21
22 Cal. Evid. Code §§ 115 & 190.

23     [7]Evidence Code § 600 provides:

24         (a) A presumption is an assumption of fact that the law
       requires to be made from another fact or group of facts
25     found or otherwise established in the action.  A presumption
       is not evidence.
26         (b) An inference is a deduction of fact that may
27     logically and reasonably be drawn from another fact or group
       of facts found or otherwise established in the action.
28
   Cal. Evid. Code § 600.

1 | producing evidence and presumptions affecting the burden of
2 | proof.  Cal. Evid. Code § 601.
3 |     Here, rebuttable presumptions affecting the burden of
4 | producing evidence apply because allocating the burden of proof
5 | to an exemption claimant implements no public policy other than
6 | facilitating determination of the action.  Cal. Evid. Code § 603.
7 |     A presumption affecting the burden of producing evidence
8 | requires a trier of fact to assume existence of a presumed fact
9 | unless and until evidence is introduced that supports a finding
10 | of its nonexistence, in which event a trier of fact determines
11 | existence or nonexistence of a presumed fact from the evidence
12 | without regard to the presumption.  Cal. Evid. Code § 604.[8]

14 | B
15 | Federal Burden of Proof
16 |     No federal statute prescribes a burden of proof for claims
17 | of exemption in bankruptcy cases.

---

[8]California Evidence Code § 604 provides:

§ 604.  Effect of presumption affecting burden of
producing evidence.  The effect of a presumption affecting
the burden of producing evidence is to require the trier of
fact to assume the existence of the presumed fact unless and
until evidence is introduced which would support a finding
of its nonexistence, in which case the trier of fact shall
determine the existence or nonexistence of the presumed fact
from the evidence and without regard to the presumption.
Nothing in this section shall be construed to prevent the
drawing of any inference that may be appropriate.

Cal. Evid. Code § 604.

13

1

Bankruptcy Code § 522(l) provides that property claimed as exempt is exempt unless a party in interest objects.  Failure to make a timely objection may result in an exemption by default even if there is no basis for the exemption.  <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642-43 (1992).

This § 522(l) exemption-by-default provision arguably operates to create a form of presumption in favor of claimed exemptions, but it says nothing about the burden of proof (or burden of persuasion) when there is an objection.  From an evidentiary standpoint, § 522(l) operates as a rebuttable presumption that property claimed as exempt is exempt.

The presumption is invoked by making the claim of exemption by the debtor on Schedule C or thereafter by a dependent of the debtor.  Fed. R. Bankr. P. 4003(a).

The presumption is rebutted by filing an objection to the claim of exemption.  Fed. R. Bankr. P. 4003(b).

Once the presumption is rebutted by the filing of the objection, thereby blocking § 522(l) exemption-by-default, the resolution of the dispute turns on the evidence and the applicable burden of proof.  Fed. R. Evid. 301 & 302.

2

The sole basis for placing the burden of proof on the objector to exemptions is Rule 4003(c): the "objecting party has the burden of proving that the exemptions are not properly

1 | claimed."  Fed. R. Bankr. P. 4003(c).[9]

2 | Moreover, Rule 4003(c) merely restates former Bankruptcy
3 | Rule 403(a) in the 1973 Bankruptcy Rules: the "burden of proof
4 | shall be on the objector."  Bankr. R. 403(c) (repealed 1983).

5 | The 1983 Advisory Committee Note describing Rule 4003
6 | explains that Rule 4003 is derived from former Bankruptcy Rule
7 | 403 and that § 522(l) changes the thrust of the rule to make it
8 | the burden of the debtor to list exemptions and the burden of
9 | parties in interest to object.  But, this is only a burden of
10 | production, and § 522(l) does not allocate a burden of proof in
11 | the event of an objection.

12 | There is no direct mention of Rule 4003(c).  Nor is there
13 | discussion of the burden of proof that would be dramatically
14 | changed by the rule.  Rather, the Advisory Committee merely
15 | invoked prior history by way of a comment that Rule 4003 was
16 | based on, "in part, former Bankruptcy Rule 403."[10]

17

18 | [9]The full rule is:

19

20 | (c) BURDEN OF PROOF.
   | In any hearing under this rule, the objecting party has
   | the burden of proving that the exemptions are not properly
21 | claimed.  After hearing on notice, the court shall determine
   | the issues presented by the objections.

22

23 | Fed. R. Bankr. P. 4003(c).

24 | [10]The 1983 Advisory Committee Note explains:

25 | This rule is derived from § 522(l) of the Code and, in
   | part, former Bankruptcy Rule 403.  The Code changes the
26 | thrust of that rule by making it the burden of the debtor to
   | list his exemptions and that burden of parties in interest
27 | to raise objections in the absence of which "the property
   | claimed as exempt on such list is exempt"; § 522(l).

28

Fed. R. Bankr. P. 4003, advisory comm. note.

15

1    The Advisory Committee was making an intellectual leap from
2 a burden of production that fairly can be inferred from § 522(l)
3 to a burden of proof that does not necessarily follow.  One needs
4 to review former Rule 403 to understand the premise, context, and
5 basis for the prior allocation of the burden of proof to the
6 objector.  As will be seen, by changing nothing, Rule 4003(c)
7 silently inverted the burden from former Rule 403(c).  It was a
8 leap too far.

9

10                               3
11                            History
12    The history begins with a focus on the practice regarding
13 exemptions under the Bankruptcy Act of 1898.

14

15                               a
16                   Bankruptcy Act before 1973
17    The general rule under the Bankruptcy Act of 1898 was that
18 the debtor had the burden of proof whenever the debtor's claim of
19 exemption was in issue.  In re Dederick, 91 F.2d 646, 650 (10th
20 Cir. 1937); In re Campbell, 124 F. 417, 421-22 (W.D. Va. 1903);
21 In re Stinemetz, 38 Am. B.R.(N.S.) 544, 547 (Bankr. D. Kans.
22 1938); 1 JAMES WM. MOORE, COLLIER ON BANKRUPTCY ¶ 6.23 (14th ed. L.
23 King, ed. 1960)(COLLIER 14th ed.).

24    This was judge-made law.  Neither the Bankruptcy Act nor any
25 rule before 1973 addressed the burden of proof.

26    In 1960, the Advisory Committee on Bankruptcy Rules was
27 formed and tasked to revise and modernize rules for bankruptcy
28 cases.  At that time, the rules to be revised were the Supreme

                               16

1   Court's General Orders in Bankruptcy, promulgated under the
2   authority of Bankruptcy Act § 30.[11]

3      Two obstacles prevented comprehensive revision of the
4   General Orders.  First, the Bankruptcy Act of 1898 contained a
5   hodge-podge of procedural provisions.  Second, the Bankruptcy Act
6   § 30 delegation of power of the Supreme Court to issue General
7   Orders in Bankruptcy had been construed to be limited to only
8   those rules and forms that were strictly "necessary" to carry out
9   the provisions of the Bankruptcy Act into effect.  There was no
10  authority to adjust obsolete procedural provisions in the Act.

11     Without legislation revising the Supreme Court's rulemaking
12  authority in bankruptcy, procedural provisions enshrined in the
13  statute were understood to be off limits to modernization, as
14  were rules that would be helpful, but not strictly necessary, to
15  implementing the Bankruptcy Act.

16     Accordingly, the Advisory Committee recommended legislation
17  delegating greater rulemaking power to the Supreme Court for
18  bankruptcy procedure in terms comparable to those delegated to
19  the Supreme Court in the Rules Enabling Act, 28 U.S.C. § 2072,
20  for civil, criminal, and admiralty practice, which terms included
21  the power to supersede procedural terms in statutes.

22
23
24  ───────────────
25     [11]Bankruptcy Act § 30 provided:

26      All necessary rules, forms, and orders as to procedure
        and for carrying this act into force and effect shall be
27      prescribed, and may be amended from time to time, by the
        Supreme Court of the United States.
28
    Bankruptcy Act of 1898, § 30 (repealed 1964).

                            17

b

Bankruptcy Rules Enabling Act

Congress responded to the stalled modernization effort by enacting the Bankruptcy Rules Enabling Act in 1964.  Act of Oct. 3, 1964, Pub. Law. 88-623, 78 Stat. 1001.

The act created a new 28 U.S.C. § 2075 modeled on the general Rules Enabling Act and repealed Bankruptcy Act § 30.[12]

The key restriction was that the rules "shall not abridge, enlarge, or modify any substantive right."  28 U.S.C. § 2075. This mirrors the parallel provision in the Rules Enabling Act that governs the other federal rules.  28 U.S.C. § 2072.

In addition, it permitted bankruptcy rules adopted pursuant to that process to override procedural provisions in the Bankruptcy Act of 1898: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."  Id.[13]

---

[12]The original form of § 2075, as enacted in 1964, provided:

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.

Such rules shall not abridge, enlarge, or modify any substantive right.

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

28 U.S.C. § 2075 (1964, revised and repealed in part 1978).

[13]The "all laws in conflict" provision was repealed and deleted from 28 U.S.C. § 2075 concurrent with the enactment of the Bankruptcy Code in 1978.  Bankruptcy Reform Act of 1978,

c

## 1973 Bankruptcy Rules

When the enactment of the Bankruptcy Rules Enabling Act released the Advisory Committee from the shackles of the procedural provisions in the Bankruptcy Act, the rules revision effort turned to comprehensive restructuring of bankruptcy rules, culminating in 1973 with promulgation of the Bankruptcy Rules.

The preliminary draft of the Bankruptcy Rules was accompanied by an introductory note that explained the process. The rules would supersede laws in conflict with the rules subject to the constraint that the rules "shall not abridge, enlarge, or modify any substantive right." Advisory Comm. Introductory Note to Preliminary Draft, at 17 ("Introductory Note").

There was careful attention to the procedural-substantive boundary. Thus, the Advisory Committee explained that its task was particularly challenging because "it has not been necessary heretofore in the drafting of bankruptcy legislation to distinguish between substantive and procedural provisions" with the result that procedural provisions "are interwoven throughout the Act." Introductory Note, at 17.

The Advisory Committee recognized that there would be wide areas of uncertainty and recommended that Congress take up general bankruptcy revision "as soon as feasible after the rules and forms go into effect, to mitigate the task of judges,

---

§ 247, 92 Stat. 2672 (Nov. 6, 1978). The rationale was that procedural matters had been removed from statute and left to the Rules of Bankruptcy Procedure, thereby eliminating the need for rules to supersede statute. H.R. Rep. No. 95-595, at 449 (1977); S. Rep. No. 95-989, at 158 (1978).

19

counsel, and the public in reading and applying the Act with the rules and the forms."  Introductory Note, at 17.  It reiterated that it was limiting the rules to matters that were procedural in nature.  Introductory Note, at 18-20.

d

Bankruptcy Rule 403(c)

Rule 403 of the 1973 rules dealt with the procedure for claiming and contesting exemptions under the Bankruptcy Act.  It restated, but did not materially alter statutory procedure, as construed by long-settled decisional law.

The debtor was required to claim exemptions in the required schedules of property.  Bankr. R. 403(a) (repealed 1983).

The trustee was required to examine the claimed exemptions and issue a report specifying which exemptions were allowed or were not allowable.  Bankr. R. 403(b) (repealed 1983).

The debtor or any creditor could object to the report and trigger a hearing.  Bankr. R. 403(c) (repealed 1983).[14]

The final sentence of Rule 403(c) — the "burden of proof shall be on the objector" — restated settled judge-made law.

───────────────

[14]Rule 403(c) provided:

> (c) Objections to Report. — Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After a hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

Bankr. R. 403(c) (repealed 1983).

20

1    This meant that the burden of proof, in the vast majority of
2    cases, rested on the debtor as the party most likely to object to
3    the trustee's report.[15]  The then-ascendant 14th edition of the
4    Collier treatise explained that this allocation "rests on the
5    sound princip[le] of placing the burden of success on he who
6    seeks it."   12 COLLIER 14th ed. ¶ 403.5 at 4-36.[16]

7    More important, the Advisory Committee assumed in 1973 that
8    the burden of proof was procedural, not substantive.   The
9    Committee explained that it was being scrupulous about honoring

10   _____

11   [15]The Advisory Committee explained:

12       Subdivision (c) of the rule is an elaboration of the last
         clause of General Order 17(2). ... The allocation of the
13       burden of proof made by the last sentence of subdivision (c)
         rests on the assumption that the trustee has performed the
14       duties imposed on him by subdivision (b) [trustee exempt
         property report] with due regard to the rights of the
15       bankrupt as well as the creditors whom he represents.
         Although the assumption might be questioned by the bankrupt,
16       the case law has generally placed the burden of proof on the
         bankrupt whenever there is an issue raised as to his right
17       to an exemption claimed.
18
     Bankr. R. 403(c), Advisory Comm. Note (citations omitted)
19   (repealed 1983).

20
     General Order 17(2) provided for objections to the trustee's
21   exempt property report but was silent about the burden of proof.
     Gen. Order in Bankr. 17(2), 305 U.S. 688 (1939).
22
         [16]The trustee was required to examine the bankrupt's claims
23   of exemption, set apart such as are lawfully claimed and are
     allowable, and file a report with the court to which any
24   interested party could object.   The Collier treatise explained:

25       The burden of proving a bankrupt's property to be exempt
         in defiance of the trustee's report otherwise rests on the
26       one asserting it, almost invariably the bankrupt or a member
         of his family, a view compat[i]ble with the allocation of
27       this burden by Rule 403(c).

28
     12 COLLIER 14th ed., ¶ 403.5 at 4-36.

the enabling provision that no rule could "abridge, enlarge, or modify any substantive right."  Introductory Note, at 17 (describing effect of no-modification-of-substantive-rights constraint in 28 U.S.C. § 2075).

e

1978 Bankruptcy Code

The drafters of the 1978 Bankruptcy Code similarly assumed that burden of proof was procedural, not substantive.

In describing the claims allowance process, the Senate and House Reports each mention that burden of proof on claims was being left to the rules of procedure.  S. Rep. No. 95-989, at 62 (1978); H.R. Rep. No. 95-595, at 352 (1977).

The explanation in the committee reports for amending the Bankruptcy Rules Enabling Act by deleting the "all laws in conflict" provision in 28 U.S.C. § 2075, was that it was no longer necessary because all procedural matters had been taken out of the statute and were left to rules of procedure.  S. Rep. No. 95-989, at 158 (1978); H.R. Rep. No. 95-595, at 449 (1977).[17]

These statements in the committee reports indicate an assumption that burden of proof was procedural, not substantive.

Even then, the original enactment of the Bankruptcy Code

---

[17]The House Report explained:

> With the extensive revision and modernization of the bankruptcy law proposed by this bill, in which nearly all procedural matters have been removed and left to the Rules of Bankruptcy Procedure, the need that currently may exist to permit the Supreme Court's rules to supersede the statute disappears.

H.R. Rep. No. 95-595, at 449 (1977).

reflects discomfort about leaving burdens of proof to rules of
procedure.  Thus, the statute prescribed burdens for automatic
stay relief and for adequate protection in connection with
obtaining credit.  11 U.S.C. §§ 362(g) & 364(d)(2).[18]  The
reality was that the status of burden of proof as substantive or
procedural was ambiguous in 1978.

f

### Federal Rule of Bankruptcy Procedure 4003(c)

This historical excursion has now circled back to Rule
4003(c).

The premise dating back to the 1973 Rules about burden of
proof being procedural that ultimately would be proved false in
Raleigh in 2000 continued to prevail when the Federal Rules of
Bankruptcy Procedure were adopted in 1983.

Rule 4003 governed exemptions.  Rule 4003(c) perpetuated,
without comment, the burden of proof provision of Rule 403(c):
"In any hearing under this rule, the objecting party has the
burden of proving that the exemptions are not properly claimed."
Fed. R. Bankr. P. 4003(c).

Significantly, Rule 4003(c) sub silentio inverted the actual
burden of proof from Rule 403(c).  Under the 1898 regime, the
relevant objection was to the trustee's exempt property report
and it was usually the debtor, as exemption claimant, doing the
objecting.  Under the 1978 regime, the relevant objection is to

---

[18]Subsequent amendments have added specified burdens in
three other sections.  11 U.S.C. §§ 363(o) (adequate protection),
547(g) (preferences) & 1129(d) (tax avoidance plans).

23

the debtor's claim of exemptions, and it is usually the trustee, as exemption opponent, doing the objecting.

In other words, when the 1978 Bankruptcy Code eliminated the trustee's report in favor of allowing the debtor's claim of exemptions in the absence of an objection, the nature of exemption objections changed.  11 U.S.C. § 522(l).

What had been an objection to a trustee's report of allowed exemptions (usually made by the debtor), became an objection to exemptions claimed (to be made by the trustee or creditors).

The 1978 regime embodied in § 522(l) looks like a presumption in favor of a claimed exemption because, in the absence of an objection, the exemption is allowed.  But a presumption is not evidence, and nothing about § 522(l) compels a conclusion that, if there is an objection, the objector should have the burden of proof.

Curiously, the 1983 Advisory Committee note does not mention burden of proof even though the burden was being shifted from debtor to trustee.  Rather, it carried forward the nominal burden of proof from the prior regime without comment as if nothing was being changed.  It is odd that such a dramatic shift in the burden of proof in a rule should pass by without comment.

g

The status of burden of proof as procedural or substantive remained ambiguous until 2000 when the Supreme Court in Raleigh ruled that burden of proof is substantive, not procedural.

Faced with a dispute over the burden of proof regarding a proof of claim under § 502, the Court held that burden of proof

24

1  is an essential element of the underlying nonbankruptcy claim.

2  <u>Raleigh</u>, 530 U.S. at 20-21 & 26.[19]

3

4                                4

5                   <u>Substantive or Procedural?</u>

6       The linchpin in this case is the question whether the burden

7  of proof in Rule 4003(c) preempts the opposite burden of proof in

8  California Code of Civil Procedure § 703.580(b).

9       After the Supreme Court determined in <u>Raleigh</u> that burden of

10 proof is substantive, not procedural, the answer must be in the

11 negative because the Bankruptcy Rules Enabling Act requires that

12 rules "not abridge, enlarge, or modify any substantive right."

13 28 U.S.C. § 2075.

14      Until 2000, the prevailing assumption in bankruptcy was that

15 burden of proof is procedural and fair game for regulation by

16 rule.  <u>Raleigh</u> upended that assumption by holding that the burden

17 of proof on claims in bankruptcy is an essential element of the

18 underlying substantive claim.  This pulled the carpet out from

19 under Rule 4003(c) with respect to state-law exemptions.

20      While <u>Raleigh</u> addressed the burden of proof for an objection

21 to a proof of claim, there is no principled difference between

22 objections to § 502 claims and § 522 claims of exemption.

23 ─────────────

24      [19]The unanimous Court said:

25      Given its importance to the outcome of cases, we have long
        held the burden of proof to be a "substantive" aspect of a
26      claim. [citations omitted] That is, the burden of proof is
        an essential element of the claim itself; one who asserts a
27      claim is entitled to the burden of proof that normally comes
        with it.

28 <u>Raleigh</u>, 530 U.S. at 20-21.

1    Proofs of claim are deemed allowed unless somebody objects.
2  11 U.S.C. § 502(a).  The underlying nonbankruptcy law controls
3  the merits of the proof of claim subject to any qualifying or
4  contrary provisions of the Bankruptcy Code.  Raleigh, 530 U.S. at
5  20; Butner v. United States, 440 U.S. 48, 55 (1979).

6    Observing that Congress may do what it likes with
7  entitlements in bankruptcy, the Court noted that Congress was
8  silent in the Bankruptcy Code about the burden of proof when
9  there is an objection to a claim.  It construed this silence as
10 indicating that Congress intended no change in the underlying
11 substantive law.  Raleigh, 530 U.S. at 21-22.

12   From the Court's conclusions that burden of proof is
13 substantive and that Congress made no provision qualifying or
14 rejecting substantive nonbankruptcy law, it followed that
15 bankruptcy courts must apply the burden that accompanies the
16 underlying substantive claim — there, the law of Illinois.
17 Raleigh, 530 U.S. at 26.

18   The pattern of an objection to claim of exemption parallels
19 the objection to claim addressed in Raleigh.  As with § 502
20 claims, § 522 claims of exemption are deemed allowed unless
21 somebody objects.  11 U.S.C. § 522(l).  Congress, likewise, was
22 silent about the burden of proof when there is an objection to a
23 claim of exemption.  If a claim of exemption is premised on state
24 law, then bankruptcy courts must apply the burden of proof that
25 accompanies the underlying exemption law.

26   That Congress was not intending to alter substantive
27 nonbankruptcy law is apparent from the accommodations that
28 Congress extended to state law in § 522(b).  Not only did it

permit state-law exemptions always to be available in lieu of the
new federal § 522(d) exemptions, it took the extraordinary step
of authorizing states to forbid use of the federal exemptions.
11 U.S.C. § 522(b)(2).  Such solicitude to state exemption law
makes it implausible that Congress simultaneously secretly
intended to preempt the state's burden of proof.

Accordingly, the burden of proof prescribed by California
statute regarding contested claims of exemption is substantive
and must be applied by bankruptcy courts.  Hence, Rule 4003(c)
offends the Bankruptcy Rules Enabling Act with respect to state-
law exemptions and must give way to the state statute.[20]

5

## Rule 4003(c) in the Courts

Few courts have noticed that Raleigh casts doubt on the
validity of Rule 4003(c)'s allocation of the burden of proof.

A leading case applying the state-law burden of proof to an
exemption dispute is In re Barnes, 275 B.R. 889, 898-99 n.2
(Bankr. E.D. Cal. 2002).  A more recent example is In re
Pashenee, ___ B.R. ___, 2015 Westlaw 3577377, at *4 (Bankr. E.D.
Cal. 2015).  Both decisions grapple with the implications of
Raleigh and conclude that the state-law burden of proof prevails
over Rule 4003(c).  But there is disagreement.  In re Altmiller-
Rubio, 2011 Westlaw 106394468, at *3-*4 (Bankr. E.D. Cal. 2011).

The more usual pattern of judicial discussion of burden of
proof on objections to claims of exemption is for courts to note

_____

[20]No view is expressed in this opinion regarding validity of
Rule 4003(c) with respect to § 522(d) federal exemptions.

27

shifting burdens of production implied by Rule 4003(c) but to assume, without questioning, the validity of the allocation of the burden of proof in the rule.

In the Ninth Circuit, most courts cite a pre-Raleigh footnote parroting Federal Rule of Evidence 301. Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029-30 n.3 (9th Cir. 1999).[21] Carter was decided a year before Raleigh and could not have taken it into account.

The Carter footnote treated the § 522(l) exemption-by-default provision as creating a presumption in favor of a claim of exemption and then described shifting burdens of production through the matrix of Evidence Rule 301. It assumed, without analysis, the validity of Rule 4003(c) regarding the ultimate burden of persuasion.

A number of Ninth Circuit Bankruptcy Appellate Panel decisions have directly or indirectly cited the Carter footnote and have invoked Rule 4003(c) without scrutinizing the validity of the rule in light of Raleigh and the Bankruptcy Rules Enabling Act. Elliott v. Weil (In re Elliott), 523 B.R. 188, 192 (9th Cir. BAP 2014); Calderon v. Lang (In re Calderon), 507 B.R. 724, 729 (9th Cir. BAP 2014); Leavitt v. Alexander (In re Alexander), 472 B.R. 815, 821 (9th Cir. BAP 2012); Mullen v. Hamlin (In re Hamlin), 465 B.R. 863, 869 (9th Cir. BAP 2012); Tyner v. Nicholson (In re Nicholson), 435 B.R. 622, 633-34 (9th Cir. BAP 2010); Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 548-49 (9th Cir. BAP 2009). All mimic Evidence Rule 301 without

---

[21]Compare Fed. R. Evid. 301 ("..."), with Carter, 182 F.3d at 1029-30 n.3 ("...").

1 | digging deeper.

2 |     As the Ninth Circuit has not explicitly considered Rule
3 | 4003(c) in light of <u>Raleigh</u> and of the Bankruptcy Rules Enabling
4 | Act, the rule's validity remains an open issue in this circuit.[22]

6 | IV

7 | <u>Burdens in This Case</u>

8 |     The burden of proof makes a difference in this case because
9 | the evidence adduced at trial does not add up to a compelling
10 | case for either side.  Hence, the outcome is largely dependent on
11 | where the ultimate burden of persuasion rests.

12 |     The debtor has the burden of proof on all three issues being
13 | decided in this consolidated motion: entitlement to exemptions;
14 | motion to avoid lien; and motion for turnover from the custodian.

15 |     As a practical matter, the answer to the issue of
16 | entitlement to exemption dictates the fate of the lien avoidance
17 | and the turnover motions.  The particular exemption dispute
18 | depends upon whether the debtor owns the property claimed as
19 | exempt.  He can only exempt that which he owns.

21 | A

22 |     The Federal Rules of Evidence deal with the effect of

---

24 |     [22]The Ninth Circuit recently held in a different California
25 | exemption context that the "<u>entire</u> state law" regarding
    exemptions applies.  <u>Wolfe v. Jacobson (In re Jacobson)</u>, 676 F.3d
26 | 1193, 1199 (9th Cir. 2012)(emphasis in original).  Although the
    "<u>entire</u> state law" regarding exemptions includes California's
27 | statutory burden of proof, <u>Jacobson</u> did not directly consider the
    burden of proof, <u>Raleigh</u>, the Bankruptcy Rules Enabling Act, or
28 | Rule 4003(c).  Hence, it is consistent with, but not definitive
    of, the analysis in this opinion.

presumptions in civil cases, including bankruptcy cases.  Fed. R.
Evid. 301 & 302.

Although Carter and its progeny assume that Federal Rule of
Evidence 301 provides the matrix for analysis of presumptions,
the conclusion that state law provides the rule of decision means
that Federal Rule of Evidence 302 controls.  When the rule of
decision on burden of proof is governed by state law, then Rule
302 imports state-law presumptions.  Compare Fed. R. Evid. 301,
with id., Rule 302.[23]

California law provides the rule of decision on the
exemption issue.  The state has, as authorized by Congress, opted
out of the federal exemptions in favor of exclusive use of
California exemptions.  11 U.S.C. § 502(b), Cal. Code Civ. P.
§ 703.130.  And, California prescribes the burden of proof.  Cal.
Code Civ. P. § 703.580(b).

It follows, by virtue of Federal Rule of Evidence 302, that
California law, rather than Rule 301, governs the effect of a
presumption regarding exemptions in California bankruptcy cases.
Fed. R. Evid. 302.

In contrast, federal law governs the § 522(h) lien avoidance
issue and the § 543 turnover issue.  As state law does not
provide the rule of decision for these issues, Federal Rule of

---

[23]Federal Rule of Evidence 302 provides:

Rule 302.  Applying State Law to Presumptions in Civil
Cases.
    In a civil case, state law governs the effect of a
presumption regarding a claim or defense for which state law
supplies the rule of decision.

Fed. R. Evid. 302.

1   Evidence 301 governs and creates a burden of production for the

2   party against whom a presumption is directed but does not shift

3   the substantive burden of persuasion.   Fed. R. Evid. 301.[24]

4

5                                   B

6          As a practical matter, the basic analysis of shifting

7   burdens of production under the California law incorporated by

8   Rule 302 is the same as the federal analysis under Rule 301.

9          The California presumptions that apply to the exemption

10  issues are addressed in its Evidence Code.   Cal. Evid. Code

11  §§ 600-70.

12         The basic difference between Federal Rule of Evidence 301

13  and the California Evidence Code is that the latter is more

14  specific about presumptions and burdens of production.

15

16                                   1

17                      Initial Burden of Production

18         The effect of § 522(l) is that property claimed as exempt

19  will be exempt unless a party in interest objects.

20         What § 522(l) creates is a form of a burden of production.

21  That is, a party in interest has the burden to produce an

22  _____

23         [24]Federal Rule of Evidence 301 provides:

24         Rule 301.   Presumptions in Civil Cases Generally.
              In a civil case, unless a federal statute or these rules
25         provide otherwise, the party against whom a presumption is
           directed has the burden of producing evidence to rebut the
26         presumption.   But this rule does not shift the burden of
           persuasion, which remains on the party who had it
27         originally.

28  Fed. R. Evid. 301.

                                    31

objection.   A filed objection operates to overcome the § 522(l)
exemption-by-default.


2

## Burden of Proof

A burden of production, however, is not a burden of proof.
Rather, it is a burden of going forward to the decision point at
which the burden of proof takes over.   The burden of proof
equates with the burden of persuasion and is accompanied by the
correlative risk of non-persuasion.

Consider the proof-of-claim provisions of the Bankruptcy
Code that parallel the exemption provisions.   A proof of claim is
deemed allowed unless there is an objection.   11 U.S.C. § 502(a).
The rules provide that a proof of claim executed and filed in
accordance with Rule 3001 constitutes prima facie evidence of the
validity and amount of the claim.   Fed. R. Bankr. P. 3001(f).

The mere existence of Rule 3001(f) is a reminder that, in
the end, the validity and amount of a claim is committed to the
realm of evidence.   And, it is in the realm of evidence that the
burden of proof operates.

It is settled that the burden of proof associated with the
underlying substance of the proof of claim governs who bears the
risk of non-persuasion.     E.g., Raleigh, 530 U.S. at 26.


3

## Shift in Burden of Production

Once the objector has satisfied its burden of production to
produce an objection sufficient to overcome the presumption

32

embodied in the § 522(l) exemption-by-default provision, the
burden of production shifts to the party who has the burden of
proof.

This burden of production is the burden to produce evidence
in support of that effort.  Failure to produce relevant evidence
that ought to exist may warrant adverse inferences leading to
non-persuasion.

As it is described in California law, the burden of
producing evidence as to a particular fact is initially on the
party with the burden of proof as to that fact.  Thereafter, it
is on the party against whom a finding on that fact would be
required in the absence of further evidence.  Cal. Evid. Code
§ 550.  This is consistent with the Federal Rules of Evidence.

4

Evidence in this Case

At trial, the key issue boiled down to the ownership status
of property acquired before formation of Tallerico Bicycles, LLC.

Conceding that the portion of the seized property that had
been procured after Tallerico Bicycles, LLC, was formed in August
2014 was not his personal property, Tallerico testified that the
majority of the inventory and parts were acquired in the course
of operating his various sole proprietorships.

He testified that his tools had been acquired over a period
of decades and that many had become his following dissolution of
a bike shop the debtor had operated with Aber in the 1990s.
Aber, through counsel, corroborated those assertions, and Silva
accepted them.

The situation was different as to the inventory.  On cross-examination, Tallerico testified that the LLC was formed in careful compliance with law and that he had done so with the assistance of his mother, who works as an enrolled tax agent.  He testified that the LLC had accurate records regarding all of its property, including depreciation schedules, and that it had filed a tax return for 2014.

When asked what property he had contributed to the LLC at the time of formation, Tallerico appeared to equivocate.  He was unsure.  He did not remember.  Nor was he conversant with what, if anything, is being depreciated.

When asked whether he had brought any of the records of the LLC about which he had testified with him to the trial, Tallerico replied that he had not.  He did not contend that such records were not under his control.  He conceded that he knew he had the burden of proof, but did not offer to obtain them if only the court would permit a recess.

This is a classic example of the evidentiary burden of production that comes with the burden of proof.  The debtor had the burden of proof on the question of ownership.  Although he testified that records existed to support his assertions about the central issue at the trial, he did not produce them.

The court infers, in its capacity as finder of fact, based on both credibility and non-production, that any such records do not support the debtor's assertions regarding ownership of all seized property except his tools.

It follows that the debtor has not satisfied his burden of proof with respect to all seized property except the tools and

1  suffers the consequences of the risk of non-persuasion.

2

3                              V

4                       Third-Party Claim

5       This leaves only the third-party claim asserted by Aber

6  under the judgment enforcement theory permitted by California

7  Code of Civil Procedure § 720.210 according to which a judgment

8  creditor with a claim senior to that of a levying creditor may

9  step in and attempt to obtain control of levied property.

10      The third-party claim is not viable with respect to the

11 tools the debtor owns because they are exempt tools of the trade.

12 They will be ordered to be turned over by the Sheriff.

13      As to the property that has been determined here to be

14 property of Tallerico Bicycles, LLC, which is not a debtor in a

15 case under title 11, there presumably is a viable § 720.210

16 dispute.  As resolution of that issue between competing creditors

17 will entail a fact-intensive inquiry that does not involve

18 property of the estate or property of the debtor and is not

19 subject to the bankruptcy automatic stay, the appropriate measure

20 is to defer to the processes and expertise of the state court.

21 To the extent that this court may have jurisdiction over the

22 matter, it abstains pursuant to 28 U.S.C. § 1334(c)(2).

23      There is now no legal impediment to the ability of Aber to

24 assert a third-party claim with respect to the seized property of

25 Tallerico Bicycles, LLC.

26

27                            * * *

28

                              35

1                            Conclusion

2       The corollary to the burden of proof is the risk of non-

3  persuasion.  The debtor had the burden of proof regarding

4  ownership of property he claimed as exempt and did not satisfy

5  that burden except with respect to his tools.  The court is not

6  persuaded that the debtor owns any of the seized property other

7  than the debtor's tools.  The creditor's objection to claim of

8  exemption will be SUSTAINED as to all of the seized property

9  except the debtor's tools, the judgment lien will be AVOIDED as

10 to the debtor's tools, and the motion for turnover will be

11 GRANTED only as to the debtor's tools.[25]

12      An appropriate order is entered.

13 Dated:   June 30, 2015

14

15                              _____

16                              UNITED STATES BANKRUPTCY JUDGE

17

18

19

20

21

22

23

24 _____

25      [25]The parties remain free to agree that items that the
26 debtor has not proved he owns are nevertheless the debtor's
   property.  Nor are the trustee and other parties in interest
27 precluded from objecting to exemption of any of the property that
   is turned over.  The Rule 4003(b) deadline for objections does
28 not expire until 30 days after the June 8, 2015, conclusion of
   the meeting of creditors.

                                36

1

2

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

3

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

4

5   W. Russell Fields
Law Offices of W. Russell Fields
6   1792 Tribute Road #400
Sacramento, California 95815

7

Jamie P. Dreher
8   Downey Brand, LLP
621 Capitol Mall, 18th Floor
9   Sacramento, California 95814

10   David V. Duperrault
Silicon Valley Law Group
11   50 W. San Fernando Street, Suite 750
San Jose, California 95113

12

Irma C. Edmonds, Chapter 7 Trustee
13   PO Box 3608
Pindedale, California 93650

14

Office of the U.S. Trustee
15   Robert T. Matsui U.S. Courthouse
501 I Street, Suite 7-500
16   Sacramento, California 95814

17

18

19

20

21

22

23

24

25

26

27

28